UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 22 1998

Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA

VS                                    §

                                      §        DOCKET NO. B-98-00095-001

NOE MENDOZA-BARCENAS

B-98-153

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO VACATE
SET ASIDE OR CORRECT SENTENCE.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Noe Mendoza-Barcenas. The Petitioner herein Acting pro-se and submits this Memorandum of law in support of his Motion filed pursuant to 28 U.S.C. §2255 and would show as follow:

STATEMENT OF THE CASE

Petitioner was Indicated on a one (1) count Indictment of Undocumented alien found illegally in the United States in violation of 8 U.S.C. § 1326 (a) and 1326 (b) (2).

When the case was called for trial Petitioner entered a plea of guilty to the one count Indictment, a written plea agreement was entered in which the Government recommends the low end of the Applicable guideline Range.

At the time of Sentencing Petitioner was Sentenced to 57 months imprisonment a term of 3 years Supervise Release and $100.00 Special Assessment. In the advise of Counsel, Petitioner nor Counsel gave notice of appeal.

## STATEMENT OF THE FACTS

The trial Counsel was ineffective in his advise that Petitioner should enter a plea of guilty, as the plea was not well informed, knowingly, or intelligent. Thus fair justice was not provided to Petitioner. Petitioner's Sixth Amendment Right to Effective Assistance of Counsel was violated.

## SUMMARY OF THE ARGUMENT

Petitioner's Conviction and Sentence of 57 months and (3) years Supervise release and $100.00 special assessment is Constitutionally invalid as it is shown on the face of the record that Petitioner did not knowingly, intelligently, and voluntarily plead guilty. The trial Counsel was ineffective in his advise that the Petitioner should enter a plea of guilty.

## ARGUMENT AND AUTHORITIES

When Petitioner appeared for Sentencing on **May 13, 1998** the trial Judge

instead Sentence the Petitioner, to a total of **57 months** imprisonment, instead of the **(2) two** year Sentence he understood he was going to receive in return for his guilty plea.

According to **Tower v Phillips**, 979 F 2d. 807,816 (11th Cir. 1992). Petitioner's claim of ineffective assistance of Counsel is governed by the two-part test announced in **Strickland v Washington**, 466 -US- 668,687,104 Sct. 2052,2064,8 L ed. 2d. 674 (1984).

In the bargaining context, a Petitioner seeking to establish Ineffective Assistance of Counsel must Demonstrate that:

> (1) **Counsel's advice and performance fell below an objective standard of reasonableness, and**
>
> (2) **The Petitioner would not have pleaded guilty and would have insisted on going to trial in the absence of his attorney's errors.**

**Hill v lockar,** 474 -US- 52, 58-59, 106 Sct. 366, 370-371 88 L ed. 2d. 203 (1985).

In this case Petitioner alleges that his attorney misrepresented the nature of the plea agreement in explaining the proposed agreement to him, and that he was prejudiced as a result of his attorney's misrepresentation, because he would not have entered his guilty plea had he known the true nature of the agreement Petitioner's allegations are sufficient to warrant an evidentiary hearing.

In addition Petitioner's alleges that by trial Counsel's failure to object to the P.S.R that the Petitioner does not qualifies for the 16 level enhancement. This wrongfully high level resulted because Petitioner had been previously deported after a criminal conviction for an alleged **"aggravated felony"** USSG § 2L1.2 (b)(1)(a).

The term **"aggravated felony"** as defined by 8 U.S.C. § 1101 (a)(43), does not describe any conduct committed by Petitioner. Indeed, the only conduct which the Government apparently alleges as an **"aggravated felony"** is the conviction for assault in **3/18/96** which is a Misterminor offense under the Texas Law, and for which Petitioner was imprisoned for approximately **5 months.** No evidence exists or could exist, to show imprisonment for at least one year as required by 8 U.S.C. § 1101 (a) (43) does not include any conduct of Petitioner in the definition of **"aggravated felony"** no basis exists for adding **16 points** to Petitioner's offense level **See: United States v Reyna-Espinoza,** 117 F 3d. 826,828-30 (5th Cir. 1997). In addition there is no proof or mention on the **P.S.R.** that the Petitioner was deported after the conviction of the assault charge on **May 18, 1996** and/or that the Petitioner was sent to the State Prison on such conviction. Therefore, any Sentence imposed upon Petitioner should not be enhanced pursuant to a previous **"aggravated felony".**

Although not every misrepresentation by a lawyer, that results in a guilty plea rises to the level of Constitutionally Ineffective Assistance **See: Down-Morgan v United States,** 765 F 2d. 1534,1542 (11th Cir. 1985). This Court has repeatedly held that on Attorney's **"patiently errorness advise"** regarding the nature or consequences of a clients decision to plea guilty falls below the wide range of professional competence demanded by the Sixth Amendment. See: **Yordan v United States** 909 F 2d. at 478; **Holmes v United States,** 876 F 2d. 1545,1553 (11th Cir. 1989), **Betancourt v Willis,** 814 F 2d. 1546,1549 (11th Cir. 1987); **Cooks v United States,** 461 F 2d. 530,532

3.

(5th Cir 1972). If sufficiently egregious, the mispresentations of Petitioner's Counsel in Communicating the terms of the plea agreement to Petitioner could Constitute Ineffective Assistance of Counsel. Petitioner alleges that his Attorney Affirmatively misled him as to the degree of Sentencing indentified in the plea agreement might justify relief, especially where as here, the alleged Mis-Statement directly affected the range of possible penalties Petitioner would be subject to as a result of his plea. CF. **Thomas v Dugger,** 846, F 2d. 669, 674 h.1 (11th Cir. 1988) concorring in part and dissenting in part ( noting that the degree of offense a Petitioner pleads guilty to is **"not a trivial matter"** where the degree of the offense alters the Consequense of the plea**),** Cert. denied, 493 —US— 921, 110 S. ct. 285,107 L Ed. 2d. 265 (1989).

A defendant who pleads guilty must be aware of the relevant circumstances and likely consequences, surrounding the plea. See: **Brady v United States,** 397 —US— 742, 748, 90 S. ct. 1463, 1469 25 L ed. 2d. 747 (1970). A defendant who has not received the Effective Assistance of Counsel. In this regard may not be bound by the plea if as a result the plea was not informed and voluntary waiver of defendant's right. See: **Bradbury v Wainwright,** 658 F 2d. 1083,1087 (5th Cir. Unit.B 1981, Cert. Denied, 456 —US— 992,102 Sct. 2275 73 L ed. 1288.

In the alternative, if the Court finds from the facts and evidence in this case that Petitioner is entitle to Specific Performance of his bargaing. When the United States Supreme Court has held that a defendant is entitle to Specific Performance of an agreement which he enters with the Government and which induces his plea of guilty. Which must be Judged according to the defendant's understanding at the time he entered his guilty plea. Specific Performance of his bargain must be granted. **See: United States v Boatner,** 966 F 2d. 1575,1579 (11th Cir. 1992) then this Court must find that Appellate"s Counsel was Ineffective in failing to argue, Petitioner is entitled to Specific Performance of his bargain on Direct Appeal or that where Petitioner pleaded guilty on the basis of a promise by his defense Attorney or the Prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea. See: **Davis v Butler,** 825 F 2d. 893,894 (5th Cir. 1987)

4.

CitiPDF - www.fastio.com

ting **Mckenzie v Wainwright**, 632 F 2d. 649,651 (5 th Cir. 1980) See also: **Mcheil v Blackburn**, 785 F 2d. 545,548 (5th Cir. 1986).

## CONCLUSION

For the Mention Facts, this Honorable Court must reverse Petitioner's Conviction and Sentence, and remand this case back with instuction to resentence Petitioner, and/or to grant any other relief that may be appropriate.

## CERTIFICATE OF SERVICE

I **Noe Mendoza-Barcenas** certified that on this 10 day of October of 1998 this Motion pursuant **28 U.S.C. § 2255** was mailed, certified return recipt, Requested.

RESPECTFULLY SUBMITTED,

*NOE MENDOZa*
NOE MENDOZA-BARCENAS
REG. NO. 77761-079
P.O. BOX 4200
THREE RIVERS, TEXAS 78071