

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

**DEC 1 4 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

§
§
§
§
§
§

NOE MENDOZA-BARCENAS

v.

UNITED STATES OF AMERICA

CIVIL ACTION NO. B-98-153
(CRIMINAL NO. B-98-095)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2255, Petitioner, Noe Mendoza-Barcenas, now files a timely motion to vacate, set aside, or correct his sentence.[1] This Court entered Petitioner's conviction and sentence on May 13, 1998, pursuant to a plea agreement between himself and the government.[2] On April 16, 1999, the Fifth Circuit Court of Appeals affirmed Petitioner's sentence and denied his requests for appellate relief.[3] Petitioner claims, however, that he is eligible for § 2255 relief because his plea agreement entitled him to a shorter sentence than the one he has received. Specifically, Petitioner alleges that (1) his counsel misinformed him as to the sentence he would receive, and but for this misinformation he would not have plead guilty; and (2) his counsel wrongfully failed to object to the presentencing investigation report, which recommended that Petitioner's sentence be enhanced by virtue of his prior aggravated felony conviction.[4] Asserting numerous violations of his constitutional rights, Petitioner now asks this court to vacate his alleged illegally conviction and sentence.[5]

---

[1]   *See* B-98-153, Pleading No. 1.

[2]   *See* B-98-095, Pleading No.'s  8 & 3.

[3]   *See* B-98-095, Pleading No. 17.

[4]   *See* B-98-153, Pleading No. 2, pages 2-3.

[5]   *Id.* page 5.

1

ChkPDF - www.fsxio.com

## LEGAL ANALYSIS

Petitioner's § 2255 claims are unsupported by the record and therefore no evidentiary hearing is needed to deny his petition.[6]  Although Petitioner contends that his plea was unknowing, the record makes clear that Petitioner understood that the sentencing court was not bound by the Government's recommendation.[7]  Additionally, even if Petitioner could prove that his attorney's counsel was constitutionally deficient, Petitioner fails to show that he has suffered the prejudice required to obtain § 2255 relief.[8]  Because the record indicates that the sentencing court properly considered Petitioner's prior felony in determining his offense level and sentence, Petitioner cannot show that, had he gone to trial, he would have received a shorter sentence.[9]  Accordingly, both Petitioner's ineffective counsel claim, and his claim that his prior felony was improperly considered during sentencing, must fail.

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner's § 2255 Motion be denied. Because Petitioner has failed to allege any facts which show that he is entitled to relief, this Court may deny Petitioner's Motion without an evidentiary hearing.[10]  A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice

---

[6]    *United States v. Smith,* 915 F.2d 959, 964-65 (5ᵗʰ Cir. 1990); *Randle v. Scott,* 43 F.3d 221, 226 (5th Cir. 1995), cert. denied, 515 U.S. 1108, 115 S.Ct. 2259, 132 L.Ed.2d 265 (1995).

[7]    *See* B-98-095, Pleading No. 13, page 14.

[8]    *United States v. Segler,* 37 F.3d 1131, 1136 (5ᵗʰ Cir. 1993) (stating: "A claim that counsel has rendered ineffective assistance will succeed only if the defendant proves that such counsel was not only objectively deficient, but also that the defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). Additionally, there must be a 'reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh.' *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir.1993)").

[9]    *See* B-98-095, Pleading No. 5.

[10]    *Supra* FN6.

2

that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this 14th day of December , 2000.


_____

Felix Recio
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| | § | |
| NOE MENDOZA-BARCENAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-153 |
| | § | (CRIMINAL NO. B-98-095) |
| UNITED STATES OF AMERICA | § | |
| | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action.  After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED.  Petitioner Mendoza-Barcenas' § 2255 Motion (Pleading No. 1) is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____, 2000.

_____
Hilda Tagle
United States District Judge

4